**201757634 - KAHN, ELIDA I vs. METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS (Court 113)**

Chronological History *(non-financial)*  Print All

| Summary | Appeals | Cost Statements | Transfers | Post Trial Writs | Abstracts | Parties |
|---|---|---|---|---|---|---|
| Court Costs | Judgments/Events | Settings | Services/Notices | Court Registry | Child Support | Images |

↻ Click column headings to sort. Click again to toggle direction.

Print Events

| Date | Description | Order Signed Date | Post Jdgm | Pages | Volume/Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 11/10/2017 | ANSWER ORIGINAL PETITION | | | | | CONDER, DENNIS D. | METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS |
| 8/31/2017 | JURY FEE PAID (TRCP 216) | | | | | | |
| 8/31/2017 | ORIGINAL PETITION | | | | | COOK, ANDREW COBB | KAHN, MITCHELL |
| 8/31/2017 | ORIGINAL PETITION | | | | | COOK, ANDREW COBB | KAHN, ELIDA I |

[WS6]



8/31/2017 6:10 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19189598
By: Rhonda Momon
Filed: 8/31/2017 6:10 PM

## 2017-57634 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| **ELIDA I. KAHN AND** | § | . IN THE DISTRICT COURT OF |
| **MITCHELL KAHN** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **METROPOLITAN LLOYDS** | § | |
| **INSURANCE COMPANY OF** | § | |
| **TEXAS AND** | § | |
| **RODNEY THOMAS** | § | |
| | § | |
| | § | |
| *Defendants.* | § | _____ **JUDICIAL DISTRICT** |

### PLAINTIFFS' ORIGINAL PETITION AND
### REQUESTS FOR DISCLOSURE

COME NOW, Elida and Mitchell Kahn ("Plaintiffs") and file this, Plaintiffs' Original Petition and Request for Disclosure against Defendants Metropolitan Lloyds Insurance Company of Texas ("Met Lloyds") and Rodney Thomas, and for cause of action, would respectfully show this Honorable Court the following:

### I.      THE PARTIES

1.      Mr. and Mrs. Kahn are Texas residents who reside in Harris County, Texas.

2.      Met Lloyds is an insurance company engaged in the business of selling insurance in the State of Texas.  This defendant may be served with process by certified mail, return receipt requested, by serving its registered agent for service of process in the State of Texas: **CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201**.

3.     Rodney Thomas is an individual residing in and domiciled in the State of Texas and may be served with process by certified mail, return receipt requested, at the address listed with the Texas Department of Insurance: **21899 Valley Ranch Crossing Drive, Apt. 814, Porter, Texas 77365**.

## II.     DISCOVERY

4.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure, and will request this Court enter a scheduling order upon appearance of all parties.

## III.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.     This Court has personal jurisdiction over Met Lloyds because Met Lloyds is licensed to do business in Texas and Plaintiffs' causes of action arise out of Met Lloyds's wrongful business activities within Harris County, Texas.

7.     This Court has personal jurisdiction over Rodney Thomas because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of the defendant's business activities within Harris County, Texas.

8.     Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## IV.   FACTS

9.     Mr. and Mrs. Kahn are the named insureds under a Texas homeowners' insurance policy (Policy No. 5750026640, "the Policy"), which was issued to them by Met Lloyds, and in consideration for which, plaintiffs paid Met Lloyds good and valuable consideration.

10.     Plaintiffs own and reside at the insured property, which is located at 4310 Briarbend Dr. Houston, Texas 77035 (the "Property"). The Policy expressly covers all sudden and accidental physical loss to the Property caused by windstorm or hail.

11.     On or about March 18, 2016, a windstorm accompanied by hail hit the South Houston area, in Harris County, Texas area and caused damage to the Property, including substantial damage to the Property's roof. All of this damage to the Property was covered by the express terms of the Policy. Mr. and Mrs. Kahn subsequently filed a claim with Met Lloyds under the Policy and asked Met Lloyds to cover all damage pursuant to the express terms of the Policy. Met Lloyds assigned them the claim number JDG975350.

12.     Defendant Met Lloyds then assigned Defendant Thomas as the individual field adjuster on the claim. The adjuster(s) assigned to assess Plaintiffs' claim failed to perform a reasonable or adequate inspection of the damages. During the course of his inspection, Defendant Thomas severely undervalued the damage to Plaintiffs' home and also made the decision to deny some of Plaintiffs' covered damages. This is evidenced by Thomas's estimate which severely undervalued the damage sustained to the roofing and omitted all other damages to the home,

including siding, soffits, fascia, windows and doors—all of which were damaged. Defendant Met Lloyds agreed with and adopted Defendant Thomas's undervalued and erroneous evaluation of Plaintiffs' damages its own and ultimately refused to pay anything on Plaintiffs' claim based on that evaluation.

13.     As a result of the unreasonable investigation of Plaintiffs' claim (including not providing full coverage for the damages sustained by Plaintiffs and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiffs to repair their home), Plaintiffs' claim was improperly and unreasonably adjusted. The mishandling of Plaintiffs' claim caused a delay in their ability to make necessary repairs to the Property, and—upon information and belief—the Property has suffered additional and consequential damages as a result. To date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

14.     As detailed in the paragraphs below, Met Lloyds wrongfully denied payment on Plaintiffs' claim for covered damages to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Met Lloyds justified its underpayment of Plaintiffs' claim by under-scoping the damages during its investigation and alleging that Plaintiffs' covered damages did not exceed the amount of the deductible under the Policy.

15.     To date, Met Lloyds continues to delay payment for the covered damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

16.   Defendant Met Lloyds failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, Met Lloyds refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.   Met Lloyds's conduct constitutes a breach of the insurance contract between Met Lloyds and Plaintiffs.

17.   Defendants Met Lloyds and Thomas misrepresented to Plaintiffs that some of the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants Met Lloyds and Thomas's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.   Defendants Met Lloyds and Thomas failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of the liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.   Defendants Met Lloyds and Thomas failed to explain to Plaintiffs the reasons for their assertion that Plaintiffs' covered loss did not exceed the amount of the Policy deductible.  Specifically, Defendants acknowledged that Plaintiffs' roof was covered under the Policy and was damaged by a covered cause of loss, yet nonetheless failed to offer Plaintiffs adequate compensation without any reasonable explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to

pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.     Defendants Met Lloyds and Thomas refused to fully compensate Plaintiffs as required by the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.     Defendant Met Lloyds failed to accept or deny Plaintiffs' full and entire claim within the statutorily-mandated time of receiving all necessary information. Met Lloyds's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22.     Defendant Met Lloyds failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. Met Lloyds's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23.     From and after the time Plaintiffs' claim was presented to Met Lloyds, Met Lloyds's liability to pay the full claim in accordance with the terms of the Policy

was reasonably clear. However, Met Lloyds refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Met Lloyds's conduct constitutes a breach of the common law duty of good faith and fair dealing.

24.   Defendants Met Lloyds and Thomas knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

25.   As a result of Defendants Met Lloyds and Thomas's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

### V.   CAUSES OF ACTION

#### CAUSES OF ACTION AGAINST THOMAS

##### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
##### UNFAIR SETTLEMENT PRACTICES

26.   Defendant Thomas's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

27.   Defendant Thomas is individually liable for his unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Met Lloyds, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2)

(emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

28.     Defendant Thomas's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

29.     Defendant Thomas's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

30.     The unfair settlement practice of Defendant Thomas, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

31.     Defendant Thomas's unfair settlement practice, as described above, of refusing to recommend full and fair payment of Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST MET LLOYDS

32.    Defendant Met Lloyds is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

33.    Met Lloyds's conduct in the adjustment of Plaintiffs' claim constitutes a breach of the insurance contract made between Met Lloyds and Plaintiffs.

34.    Met Lloyds's refusal, as described above, to pay full and fair compensation as it is obligated to do, both under the terms of the Policy and under the laws of the State of Texas, constitutes a breach of Met Lloyds's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

35.    Met Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.    Defendant Met Lloyds's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.    Defendant Met Lloyds's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable

settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant Met Lloyds's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(3).

39.   Defendant Met Lloyds's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

40.     Met Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

41.     Defendant Met Lloyds's failure to notify Plaintiffs in writing of the acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

42.     Defendant Met Lloyds's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and

required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.    Met Lloyds's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

44.    Defendant Met Lloyds's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of its non-delegable duty of good faith and fair dealing.

### KNOWLEDGE

45.    On information and belief, each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

46.    Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

47.    As previously mentioned, due to Defendants' wrongful conduct and improper and unjustified underpayment of Plaintiffs' covered losses, the damages caused windstorm and hail have not been properly addressed or repaired in the time since the event because Plaintiffs do not have the funds available to make these repairs on their own, and Met Lloyds's improper and unjustifiable refusal to

pay anything on Plaintiffs' claim has thus caused additional and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

48. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees. TEX. CIV. PRAC. & REM. CODE §38.001, *et seq*.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to recover for their actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, consequential damages suffered as a result of Defendants' malfeasance but which are not contemplated under the Policy, mental anguish, costs of court, and attorneys' fees. For knowing conduct of the acts described above, Plaintiffs seek treble damages. TEX. INS. CODE §541.152.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims—a strict liability statute—Plaintiffs are entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with their attorneys' fees taxed as costs. TEX. INS. CODE §542.060.

51. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

52.   For the prosecution and collection of their claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUESTS FOR DISCLOSURE

53.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants Met Lloyds and Thomas are required to disclose, within 50 days of service of this request, the information or material described in the Texas Rule of Civil Procedure 194.2.

## JURY DEMAND

54.   Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas.

## RULE 47 STATEMENT

55.   As a general matter, Plaintiffs' counsel believes that the amount of damages to be awarded to a claimant is strictly within the province of the jury. Indeed, the jury will be reminded that it is solely up to them to award intangible damages for all applicable non-economic damages.

56.   Despite the foregoing—and despite the many objections lodged by both the defense bar and the plaintiff bar—the Rules now provide that a plaintiff must state how much money a plaintiff is seeking in a given suit.  Therefore, and pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs, through counsel, hereby state that they are seeking monetary relief in an amount greater

than $100,000.00 but less that $200,000.00, in an amount to be determined by the jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which they may show themselves to be justly entitled.

Respectfully submitted,
THE COOK LAW FIRM, PLLC


*/s/ Andrew C. Cook*
Andrew C. Cook
State Bar No. 24057481
5900 Memorial Drive, Suite 210
Houston, Texas  77007
Tel. (713) 401-2890
Fax (800)975-6495
acc@texinsurancelaw.com

11/10/2017 3:00 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20649388
By: janel gutierrez
Filed: 11/10/2017 3:00 PM

CAUSE NO. 2017-57634

| | | |
|---|---|---|
| ELIDA I. KAHN AND MITCHELL KAHN, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS AND RODNEY THOMAS, | § § § § | |
| Defendants | § § | 113th DISTRICT COURT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiffs' Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiffs for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiffs are not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiffs by Metropolitan Lloyds Insurance Company of Texas, including but not limited to the following policy provisions:

**COVERAGE A - DWELLING**
1.    **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
   A.    the dwelling owned by **you** on the **residence premises**; and
   B.    structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.

\* \* \*

**COVERAGE B – PRIVATE STRUCTURES**
At the location of the **residence premises:**
1.    **we** cover private structures owned by **you** and separated from the dwelling by clear space; or

\* \* \*

Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be private structures

We do not cover private structures:
1.    used or held for any **business** or commercial farming purposes; or
2.    rented or held for rental to a person not a tenant of the dwelling, unless solely used as a private garage.

This coverage does not apply to land, including land on which the private structures are located, or any costs required to replace, rebuild, stabilize or otherwise restore the land.

\* \* \*

**COVERAGE C - PERSONAL PROPERTY**
**Personal Property Covered**
We cover personal property owned or used by **you** while it is anywhere in the world.

\* \* \*

## CAUSES OF PROPERTY LOSS

## SECTION I - LOSSES WE COVER
## (COMPREHENSIVE PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations.
**We** will pay only that part of the loss over such stated deductible.

**COVERAGE A – DWELLING**
**COVERAGE B – PRIVATE STRUCTURES**
**COVERAGE C – PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A, B and C, except as excluded in **SECTION 1 – LOSSES WE DO NOT COVER.**

### SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.     **Windstorm or Hail**
       **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

\* \* \*

1.    **We** do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

* * *

D.    **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

1.    flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;

2.    water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or

3.    water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

* * *

H.    **Neglect** by **you** to use all reasonable means to save and preserve property at and after the time of a loss.

* * *

2.    **We** do not insure under Coverage A and Coverage B for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion 1. above and Exclusions 3. and 4. below regardless of whether one or more of the following:   (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss. The items are:

A.    conduct, act, failure to act, or decision of any person, group, organization or governmental body;

B.    defective, inadequate, faulty or unsound:
    1.    planning, zoning, development, surveying, siting;
    2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    3.    materials used in repair, construction, renovation or remodeling; or
    4.    maintenance;
of any property whether on or off the residence **premises**. Property includes land, structures or improvements of any kind; and

C.    weather conditions.

However, this exclusion only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in Coverage A, Coverage B and Coverage C which results directly or indirectly from any of the following:

A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

\* \* \*

We do pay for any direct loss that follows items A. through H. to property described in Coverages A, B and C not otherwise excluded or excepted in this policy and then we pay for only the ensuing loss. If a covered water loss follows, we will pay the cost of tearing out and replacing any part of the building necessary to repair the plumbing or appliance, but we do not cover loss to the plumbing or appliance from which the water escaped.

\* \* \*

Pleading further, Defendant would also assert that Plaintiffs have failed to comply with the terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company of Texas to the Plaintiffs. Specifically, the subject insurance policy provides as follows:

SECTION I – CONDITIONS

\* \* \*

2.   **What you Must do After a Loss. We** have no obligations to provide coverage under this policy if **you** or **your** representative fail to comply with the following duties and the failure to comply is prejudicial to **us**:

    A.   Promptly notify **us** or **our** representative.

    B.   Protect the property from further damage, make reasonable and necessary repairs required to protect the property and keep a record of necessary expenditures.

    C.   Cooperate with us in the investigation of a claim.

* * *

    E.   At any reasonable time and place **we** designate, and as often as **we** reasonably require:

       1.   show **us** the damaged property;

       2.   submit to questions concerning the loss under oath while not in the presence of any other person defined as **"you"**, and sign and swear to the answers; and

* * *

7.   **Appraisal.** If **you** and **we** fail to agree on the amount of loss, either **you** or **we** can make a written demand for an appraisal of the loss. Each party will select a competent appraiser and notify the other within 20 days of the appraiser's identity. The two appraisers will select a competent and impartial umpire. If the two appraisers are unable to select an umpire within 15 days, **you** or **we** can request that the choice of an umpire be made by a judge of a court of record in the state where the **residence premises** is located.

The appraisers will separately set the amount of loss determining the full replacement cost and **actual cash value** for each item as needed. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. The written award by two of these three people for any item will set the amount of loss and is binding on **you** and **us** when filed with **us**.

**You** will pay the appraiser selected by **you**. **We** will pay the appraiser selected by **us**. **You** and **we** will split the other expenses of appraisal and the fee of the umpire.

With regard to Appraisal, the term **"you"** applies only to the named insured, including spouse if a resident of the same household.

Pleading further, Plaintiffs failed to promptly repair the subject property and based upon information and belief, have not performed necessary repairs to the property.

### III.  JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiffs take nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for such other and further relief, both at law and in equity, specific and general, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

STACY & CONDER, LLP

By:  Dennis D. Conder
     State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10 day of November, 2017, a copy of the foregoing was delivered via certified mail, return receipt requested, to Plaintiffs' counsel of record.

Dennis D. Conder

PAN/PLDG/596271.1/001466.17035